UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA BRAUNINGER,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:13-cv-388
Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on defendant's motion to remand (Doc. 21), plaintiff's response in opposition (Doc. 22), and defendant's reply memorandum (Doc. 23).

Defendant, the Commissioner of Social Security, requests that the Court: (1) reverse the Administrative Law Judge (ALJ)'s decision denying plaintiff's applications for Social Security disability benefits and Supplemental Security Income benefits, (2) enter judgment for plaintiff, and (3) remand this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Commissioner concedes that affirmance of the ALJ's decision is not warranted because the ALJ's decision contains inconsistencies and fails to adequately explain why plaintiff's impairments do not meet or medically equal Listing 1.04 for disorders of the spine.[1] Defendant therefore requests this matter be remanded to the ALJ with instructions to conduct a new hearing, re-evaluate the evidence regarding plaintiff's musculoskeletal impairment, and consider evidence of plaintiff's possible prescription drug abuse and non-compliance with

---

[1]Listing 1.04 requires a disorder of the spine (*e.g.*, herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in the compromise of a nerve root (including the cauda equina) or the spinal cord, as well as:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

prescribed treatment. The Commissioner maintains that if plaintiff is found to be disabled on remand, the ALJ will need to determine whether plaintiff has a drug addiction that is a contributing factor material to the disability finding and to consider the effect of any non-compliance with prescribed medical treatment on the disability finding. The Commissioner asserts that remand, and not outright reversal with an award of benefits, is appropriate as the proof of disability is not overwhelming and there are factual issues that require resolution by an ALJ.

Plaintiff opposes the Commissioner's motion, asserting there is no need to remand the matter because the overwhelming medical evidence supports a finding that she is disabled and entitled to an outright reversal and award of benefits. *See* Doc. 14, Statement of Errors. Plaintiff asserts the Commissioner had ample opportunity to review the ALJ's decision and rectify the errors contained therein before requesting the remand, but failed to do so. Plaintiff therefore asks that the Court deny the Commissioner's motion to remand and enter a decision awarding her benefits based on the existing record evidence. Notably, plaintiff fails to address the issues of non-compliance with prescribed treatment and whether drug abuse is a contributing factor material to a disability finding as identified in the Commissioner's motion to remand.

The undersigned recommends that the Commissioner's motion to remand be granted because even if plaintiff were found to be disabled based on the instant record, the Commissioner would still have to consider the effect of plaintiff's drug abuse and non-compliance with prescribed treatment on the disability finding.

The Social Security Act provides that an individual may not receive disability benefits if drug abuse is "a contributing factor material to the Commissioner's determination that the

2

individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). In cases where the ALJ finds a claimant disabled and there is a history of drug abuse, the ALJ must then determine whether the drug abuse contributed to the disability finding and whether the claimant would still be disabled if the claimant stopped abusing drugs. 20 C.F.R. §§ 404.1535(a), 416.935(a). *See also* Social Security Ruling 13-2p, 2013 WL 621536 (2013). Where the ALJ finds that a claimant would not be disabled if the drug abuse stopped, the ALJ must find that it was a contributing factor material to the disability determination and should not award benefits. 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).

The Social Security regulations also require a claimant to follow prescribed treatment if the treatment can restore the ability to work. 20 C.F.R. §§ 404.1530, 416.930. If a claimant fails to follow prescribed treatment without good reason she will not be found disabled. *Id. See also* Social Security Ruling 82-59, 1982 WL 31384. Where the failure to follow prescribed treatment may result in the denial of benefits, the ALJ must provide the claimant with "an opportunity to fully express the specific reason(s) for not following the prescribed treatment." *Id.* at 2.

Plaintiff suffers from a severe back impairment for which she has been prescribed a myriad of narcotic and non-narcotic medications. *See* Tr. 18-19. The record includes documentation of plaintiff's use of narcotics and abuse of her prescription medication. For example, plaintiff tested positive for cocaine and non-prescribed Klonopin in March 2012. (Tr. 661). As a result, plaintiff's pain management doctor refused to continue prescribing narcotics and he began to wean her off of Norco. *Id. See also* Tr. 741 (on March 8, 2012, plaintiff reported to her counselor at Centerpoint Treatment that she was arrested and incarcerated for a

probation violation following the positive cocaine test). Prior urinalysis testing in September 2009 revealed that plaintiff had no opiates in her system despite her reports of taking her Vicodin, morphine, and Percocet as prescribed (Tr. 468-69); testing in October 2010 and January 2012 revealed that plaintiff was not taking her prescribed Vicodin. (Tr. 443-44, 451-52). Plaintiff testified at the ALJ hearing that she had a conviction for trafficking in narcotics after she was involved in a sting operation wherein she sold her pain medication to an undercover narcotics officer. (Tr. 104). She also received individual and group therapy for substance abuse from January 2012 through November 2012. (Tr. 709-776).

The ALJ discussed the above evidence on plaintiff's drug use and conviction and cited other evidence documenting plaintiff's visits to urgent care centers and emergency rooms for pain medication despite having ongoing pain medication prescriptions from her treating physicians as a basis for discounting plaintiff's credibility. *See* Tr. Tr. 20-24, 27. However, as the ALJ did not find plaintiff to be under a disability, he did not engage in any analysis on whether drug abuse was a materially contributing factor to disability, 20 C.F.R. §§ 404.1535(a), 416.935(a), or on the effect of any non-compliance with prescribed treatment. 20 C.F.R. §§ 404.1530, 416.930.

In consideration of the above evidence, the Commissioner's motion to remand should be granted. Plaintiff argues that remand is unnecessary because there is overwhelming evidence showing that she meets Listing 1.04. Plaintiff's argument fails to acknowledge that even if this is accurate, a remand would be necessary in light of the evidence of her drug abuse and non-compliance with prescribed treatment. As indicated, plaintiff does not address any of this evidence in her opposition to the Commissioner's motion to remand or explain why remand is

4

unnecessary in light of this evidence. The Court recognizes that certain objective findings such as MRI and EMG results may not be impacted by one's use or abuse of drugs. However, other criteria of the listing which consider pain as a clinical finding could be affected by the abuse or non-use of prescription medications. There is evidence that plaintiff was not taking her pain medication as directed and there remains a factual issue as to whether non-compliance may have contributed to her reports of disabling pain. Additionally, the introductory section to Listing 1.00 explains the importance of evaluating prescribed treatment and the response to such treatment. *See* Listings 1.00I. Therefore, whether plaintiff has been compliant with prescribed treatment is relevant to whether she meets or equals the listings.

As the Commissioner acknowledges, the ALJ's decision contains inconsistencies and fails to adequately explain why plaintiff's impairments do not meet or equal Listing 1.04. (Doc. 21 at 1; Doc. 23 at 1). In addition, the ALJ did not discuss the significance of EMG evidence on earlier MRI findings which strongly support plaintiff's Listing 1.04 claim. In light of these failures, the Commissioner's motion to remand for further proceedings should be granted. The ALJ should be instructed to conduct a new hearing; re-evaluate the evidence regarding plaintiff's musculoskeletal impairment, including re-weighing of the opinion of plaintiff's treating physician, Dr. Saleh, who reported that plaintiff's spinal impairment met the requirements of Listing 1.04, and the effect of the reported EMG and MRI findings; and obtain medical expert testimony as necessary. In the event the ALJ finds plaintiff to be disabled, he should also determine whether plaintiff's possible drug abuse is "a contributing factor material" to the finding of disability and consider the effect of any non-compliance with prescribed treatment on the disability finding.

IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's motion to remand (Doc. 21) be **GRANTED**.

2. The ALJ's decision denying plaintiff's applications for disability benefits be **REVERSED**;

3. This matter be **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Date: 4/7/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LISA BRAUNINGER,<br>    Plaintiff, | Case No. 1:13-cv-388<br>Beckwith, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | **REPORT AND**<br>**RECOMMENDATION** |

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).